UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARREN M. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06 CV 135 DDN |
| | ) |
| PARADIES CONCESSIONS II ARCH, | ) |
| INC., GREGG PARADIES, | ) |
| DICK TUHRO, KIM SCHAUB, AND | ) |
| KATHY LEMP, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

This matter is before the court on the motion of defendants Paradies Concessions II Arch, Inc., Gregg Paradies, Dick Tuhro, Kim Schaub, and Kathy Lemp to dismiss plaintiff's complaint. (Doc. 19.) The parties have consented to the authority of the undersigned United States Magistrate Judge. (Doc. 22.)

## **Background**

Plaintiff Warren M. Davis brought this action against defendants Paradies Concessions II Arch, Inc., Gregg Paradies, Dick Tuhro, Kim Schaub, and Kathy Lemp, alleging that they discriminated against him based on his age and race in violation of the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act. Plaintiff alleges that he filed charges with the Equal Employment Opportunity Commission on July 19, 2005, and received a right to sue letter on October 31, 2005.

Plaintiff alleges that he was fired from his job due to his age and race. (Doc. 3 at 3.) Plaintiff is a black male, who alleges he worked as a salesman and supervisor at the PGA Tour Shop in St. Louis. When plaintiff missed work due to illness, he alleges the Pro Tour Shop hired a white full-time employee. In January 2005, he was told he had been late to work several days by Kim Schaub, the human resource manager, and he disputed these allegations. Five days later, Schaub told him he had refused a bag check, and terminated his employment. Plaintiff alleges

his termination was discriminatory, and asks for relief in the form of his employment file being changed to reflect retirement instead of termination, that he be paid for back vacation from 2004 and 2005, that he be paid his salary for 2004 and 2005, that defendants Tuhro, Schaub, and Lemp be terminated, that all other terminated African-Americans be offered their jobs back by Paradies Concessions, that defendant show an improvement of employee practices within six months, and other relief for the hardship and depression this alleged incident has caused him. Plaintiff filed a charge of discrimination with the EEOC, claiming that he was fired due to race. He received a right to sue letter, dated October 31, 2005. (Doc. 3 Attach. 1.)

Defendants move to dismiss plaintiff's complaint. They argue that plaintiff did not exhaust his administrate remedies with respect to the age discrimination claim, since he only alleged race discrimination in his EEOC filing. They also argue that the claims against the individual defendants should be dismissed because they are not his employer. Therefore, defendants argue that all of plaintiff's claims against the individuals should be dismissed, and the claims for violation of the ADEA against Paradies Concessions should be dismissed, with only the claim for race discrimination remaining against Paradies Concessions.

## Discussion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). When ruling the motion, the court must consider all facts alleged in the complaint as true, and must grant the motion only if the facts alleged do not entitle the plaintiff to relief under the law. Leatherman, 507 U.S. at 164; Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999).

Defendants argue that plaintiff's ADEA claim should be dismissed for lack of exhaustion of administrative remedies, and that all claims against the individual defendants should be dismissed because they are not his employer.

## A. ADEA

A plaintiff alleging discrimination under the ADEA is required to exhaust his administrative remedies. See 29 U.S.C. § 626(c); Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005); Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). Plaintiff must file a charge of age discrimination with the EEOC, and receive a right to sue letter. Shelton, 399 F.3d at 912. "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Shelton, 399 F.3d at 912. While an EEOC charge must be liberally construed, it will not be read to include a charge that is not present. Parisi, 400 F.3d at 585.

Here, plaintiff filed a charge of race discrimination with the EEOC, and did not include a charge for age discrimination under the ADEA. On the form filed with the EEOC, when asked why he was terminated, he checked the box for "Race" and did not check the box for "Age." (Doc. 3 at Attach. 2 at 4.) Nowhere in the EEOC charge does he mention, or allude to, discrimination based on his age. Therefore, plaintiff's claim for age discrimination against all defendants must be dismissed for failure to exhaust administrative remedies.

## B. Individual Defendants

Plaintiff's Title VII claims for racial discrimination against the individual defendants must also be dismissed. Under Title VII, a plaintiff may only bring a claim against an "employer." 42 U.S.C. § 2000e-2(a). Employer means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). A co-employee or a supervisor does not thereby fit the statutory definition of "employer" and cannot be sued in his or her individual capacity for violating plaintiff's rights under Title VII. Lenhardt v.

Basic Institute of Technology, Inc., 55 F.3d 377, 380 (8th Cir. 1995); Herrero v. St. Louis University Hospital, 929 F. Supp. 1260, 1266 (E.D. Mo. 1996). "[A] Title VII plaintiff could not hold co-workers liable in their individual capacities under Title VII even though such co-workers might be considered agents of their employer." Lenhardt, 55 F.3d at 380; Bonomolo-Hagen v. Clay Central-Everly Cmty. School Dist., 121 F.3d 446, 446 (8th Cir. 1997) ("supervisors may not be held individually liable under Title VII.").

Here, plaintiff names Gregg Paradies, Dick Tuhro, Kim Schaub, and Kathy Lemp as defendants. However, he may not sue them as individuals; they are not his employer under the statute. There is no indication from the facts in the complaint that any of them had direct involvement in the decision to terminate him. At most, he mentions that Schaub reprimanded him for being late and told him he was terminated. None of the other individual defendants are mentioned in the complaint except that he alleges that these parties were the "main people that let this happen." (Doc. 3. at 8.) Therefore, all plaintiff's claims against Gregg Paradies, Tuhro, Schaub, and Lemp must be dismissed.

An order in accordance with this memorandum is filed herewith.

/s/ David D. Noce
_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 24, 2006.